hPER CURIAM.
The State of Louisiana appeals the ruling of the trial court which quashed a bill of information charging the defendant, Andrew L. Jordan, with driving while intoxicated, fourth offense. The bill of information reflected a prior DWI occurring on December 20,1986 to which Jordan pled guilty on October 12, 1987. The state alleges that the trial court erred in concluding that Act 1993, No. 669, § 1 cannot be retroactively applied to permit it to cumulate Jordan’s 1986 DWI offense ^without violating the prohibition against ex post facto legislation, despite the fact that this predicate offense occurred more than five years but less than ten years before the amendment to La.R.S. 14:98(F)(2).
We reverse.
I.

ISSUE

The issue presented for review is: Can Act 1993, No. 669, § 1 be retroactively applied to permit the prosecution to cumulate the defendant’s 1986 DWI arrest and subsequent conviction without violating the prohibition of ex post facto laws or any other rights of the defendant?
*270 II.

FACTS

The defendant, Andrew L. Jordan, was arrested for DWI on April 29,1994. He was charged with DWI, third offense, in violation of La.R.S. 14:98(D). The bill of information was amended to reflect defendant’s prior DWI offense occurring on December 20,1986 and he was charged with DWI, fourth offense. Jordan then filed a motion to quash the bill of information, alleging that the 1986 arrest had been precluded from consideration by the five year cleansing period of La.R.S. 14:98(F). At the time of Jordan’s 1986 DWI offense, La.R.S. 14:98(F) provided as follows:
Provided that any offense under this statute committed more than five (5) years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder.
However, the legislature amended La.R.S. 14:98(F) by Act 1993, No. 669, § 1, effective June 21, 1993. The revision provided:
13(F)(2) For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section or comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten (10) years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder.
By the time the amendment became effective, more than five years had elapsed from Jordan’s 1986 offense; thus, under the former provision, the offense could no longer be considered in the assessment of penalties. Nevertheless, fewer than ten years elapsed between Jordan’s 1986 offense and the amendment’s 1993 enactment; thus, under the new provision, the offense could perhaps be considered in the assessment of penalties.
The trial court determined that under the pre-amendment five year cleansing period of La.R.S. 14:98(F), defendant’s December 20, 1986 offense was cleansed from his record on December 20, 1991. Accordingly, the court granted defendant’s motion and precluded the prosecution from cumulating Jordan’s 1986 conviction as a fourth DWI offense.
III.

LAW AND DISCUSSION

The Louisiana Supreme Court has recently addressed this precise issue. In reconciling a split among our circuit courts, it held that the Ex Post Facto Clause did not prohibit the application of Act 1993, No. 669, § 1, La.R.S. 14:98(F)(2), to a DWI offense committed more than five years after the commission of his previous DWI. Even if more than five years had elapsed between the time of the previous offense and the present one or between the time of the predicate offense and the date of the amendment’s enactment, the Ex Post Facto Clause is not violated. LFurthermore, the application of the ten-year cleansing period was not fundamentally unfair. State v. Rolen, 95-0347 (La. 9/15/95), 662 So.2d 446.
We are compelled, therefore, to reverse the trial court judgment granting the defendant’s motion to quash the bill of information.
IV.

CONCLUSION

For reasons stated herein, Act 1993, No. 669, § 1, La.R.S. 14:98(F)(2), can be applied retroactively to permit the prosecution to cumulate the defendant’s 1986 DWI offense without offending the Ex Post Facto Clauses of the federal and state constitutions. The judgment of the trial court is reversed and this case is remanded for all further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.